[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10426
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00041-JRH-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY JAMES WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 22, 2010)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

After appellant pled guilty to receipt of child pornography, in violation of

18 U.S.C. § 2252A(a)(2), the district court sentenced him to prison for 180

months. He now appeals his sentence. He contends that the district court misapplied the Guidelines when it enhanced the base offense level for the § 2252A(a)(2) offense by two-levels pursuant to § 2G2.2(b)(3)(F) and declined to reduce his sentence by two-levels pursuant to § 2G2.2(b)(1). The court misapplied those two sections, he argues, because the Government failed to prove by a preponderance of the evidence that he intended to distribute child pornography; all the evidence showed, he submits, was that he only intended to use the LimeWire peer-to-peer network for the purpose of receiving child pornography. He also contends that his sentence is substantively unreasonable based on the 18 U.S.C. § 3553(a) factors, and because the prosecutor made him plead guilty to receipt of child pornography, creating a sentencing disparity, under § 3553(a)(6), between himself and those defendants permitted to plead guilty to the lesser charge of possession of child pornography.

## I.

Section 2G2.2(b)(3) provides for base offense level increases for child pornography offenses if the offense involved various forms of distribution of the prohibited material. U.S.S.G. § 2G2.2(b)(3). Subsections (A) through (E) provide for enhancements from five to seven levels if a defendant distributed material: (1) for pecuniary gain; (2) for the receipt or expected receipt of a thing of value other

than pecuniary gain; (3) to a minor; (4) to a minor with the intent to persuade, induce, entice or coerce the minor to engage in any illegal activity; and (5) to a minor with the intent to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct.  U.S.S.G. § 2G2.2(b)(3)(A)-(E). Subsection (F) provides that, for distribution "other than distribution described in subdivisions (A) through (E), increase by **2** levels."  U.S.S.G. § 2G2.2(b)(3)(F). The Guidelines manual defines "distribution" as:

> [A]ny act, including possession with intent to distribute, production, transmission, and transportation, related to the transfer of material involving the sexual exploitation of a minor.  Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

U.S.S.G. 2G2.2, comment. (n.1).

Here, the record shows that appellant distributed child pornography by using a file-sharing network to download child pornography, stored his files in a shared folder on the network, and allowed other users to access his files.  Because the record contains no evidence to the effect that he did not understand how the LimeWire file-sharing network worked, we find no error in the court's application of the § 2G2.2(b)(3)(F) distribution enhancement.

In relevant part, § 2G2.2(b) also provides for a two-level decrease if a

3

defendant's conduct was limited to only receipt or solicitation of prohibited materials, and if the defendant did not intend to traffic in or distribute the materials. U.S.S.G. § 2G2.2(b)(1). We find no error in the court's application of § 2G2.2(b)(1) because the evidence did not support the section's application; he distributed child pornography by using the LimeWire file-sharing network, and he sent photos of his genitalia online to an individual that he believed was an underage girl. In short, his conduct was not limited to receipt or solicitation of child pornography.

II.

The court sentenced appellant to a prison term within the Guidelines sentencing range of 151 to 188 months. We review the reasonableness of a sentence under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 56, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007). We evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). *Id*.

The court sentenced appellant to prison to satisfy the sentencing purpose set out in § 3553(a)(2)(A), to satisfy the "need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Although appellant seems to concede this point, he

4

contends that the sentence should be vacated because there is an unacceptable disparity, within the intendment of § 3553(a)(6), between his sentence and the sentences received by those who pled guilty to the lesser charge of possession of child pornography. We are not persuaded.

A defendant has no right to engage in plea bargaining, as the decision to offer a plea bargain is in the discretion of the prosecutor. *United States v. Pleasant*, 730 F.2d 657, 664 (11th Cir. 1984). There is no punitive or retaliatory element to plea bargaining, so long as the accused is free to accept or reject the prosecution's offer, in that he is not coerced or threatened into making his choice. *Id*. (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978)).

AFFIRMED.